**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　) <br>　　　　　　　　Plaintiff, 　　　　) <br>　vs.　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　) <br>FRED WALKER,　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　) <br>　　　　　　　　Defendant.　　　　) <br>　　　　　　　　　　　　　　　　　) | Case No.: 2:03-cr-00516-GMN-PAL <br><br>**ORDER** |

Pending before the Court is Defendant Fred Walker's Motion for Relief from Judgment or for Resentencing (ECF No. 138). The Government filed a Response (ECF No. 139) and Defendant filed a Reply (ECF No. 140). For the reasons discussed below, the Court denies the Motion.

# I.     BACKGROUND

On April 15, 2004, a jury convicted Defendant of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Jury Verdict, ECF No. 42). On November 2, 2004, the Court sentenced Defendant to life imprisonment for count one, ten years concurrent for count three, and five years consecutive for count two. (Judgment, ECF No. 64). On May 17, 2006, the Ninth Circuit affirmed Defendant's conviction and sentence. *See United States v. Walker*, 182 Fed. Appx. 655 (9th Cir. 2006).

On September 13, 2006, Defendant filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 88), which was denied on December 29, 2006. (ECF No. 97).

Defendant has also filed additional motions to dismiss, for summary judgment, and to recall the mandate (ECF Nos. 103, 104, 106, and 107), which have all been denied. (Order Denying Motions, ECF No. 108). On March 5, 2015, over ten years after his sentence and conviction, Defendant filed the pending motion seeking resentencing pursuant to 18 U.S.C. § 3559(c)(7).

## II. **DISCUSSION**

Section 3559 provides enhanced penalties for certain violent felonies or serious drug offenses. 18 U.S.C. § 3559. Subsection 3559(c)(7) states:

> If the conviction for a serious violent felony or serious drug offense that was a basis *for sentencing under this subsection* is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence, the person serving a *sentence imposed under this subsection* shall be resentenced to any sentence that was available at the time of the original sentencing.

(emphasis added). Accordingly, subsection 3559(c)(7) only provides relief to Defendants who were sentenced under section 3559. However, Defendant's life sentence enhancement was given pursuant to 21 U.S.C. § 841 and 21 U.S.C. § 851. Therefore, because Defendant was not sentenced under 18 U.S.C. § 3559 he is not entitled to relief under subsection 3559(c)(7). *See, e.g.*, *United States v. Sullivan*, No. 04-15050, 2005 WL 2090236, at *1 (11th Cir. Aug. 31, 2005) ("Because Sullivan's recently-vacated state conviction was not a basis for sentencing him under § 3559(c) and because § 3559(c)(7) provides for resentencing only if one was sentenced 'under this subsection,' Sullivan is not entitled to relief under § 3559(c)(7).").

Furthermore, even if Defendant had been sentenced under section 3559, subsection 3559(c)(7) would still not provide Defendant his requested relief. Defendant asserts that his sentence should be reduced because his prior conviction is no longer classified as a felony and is now classified as a misdemeanor. (Mot. for Relief at 3–5, ECF No. 138). However, subsection 3559(c)(7) only provides relief if the conviction that was the basis for the

enhancement is found to be "unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence." 18 U.S.C. § 3559(c)(7). Therefore, reclassification of his prior offense as a misdemeanor does not entitled Defendant to relief under that subsection. *See United States v. Hays*, 399 F. App'x 4 (5th Cir. 2010) ("Although Hays asserts that two of his prior convictions were dismissed, he does not argue that those convictions were found to be unconstitutional or were vitiated on the explicit basis of innocence or that he was pardoned on the explicit basis of innocence.")

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Judgment or for Resentencing (ECF No. 138) is **DENIED**.

**DATED** this 2nd day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge