# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> FRED WALKER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:03-cr-516-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Defendant Fred Walker's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 144). The Government filed a Response (ECF No. 146), and Defendant filed a Reply (ECF No. 147).

## I.    BACKGROUND

The federal grand jury returned a superseding indictment on March 30, 2004, charging Defendant with the following counts: (1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); (2) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 26). On April 15, 2004, a jury convicted Defendant of all counts in the superseding indictment. (ECF No. 42). At sentencing on November 2, 2004, Defendant was sentenced to life imprisonment for count one, five years consecutive for count two, and ten years concurrent for count three. (ECF Nos. 60, 64). Defendant received a life sentence for count one based on an Information filed by the Government indicating three prior felony drug convictions in Los Angeles County. (ECF No. 21); 21 U.S.C. § 841(b)(1)(B)(iii) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment

without release"). On June 12, 2006, the Ninth Circuit affirmed Defendant's conviction and sentence on direct appeal. (ECF Nos. 84, 85); *United States v. Walker*, 182 F. App'x 655 (9th Cir. 2006).

On September 13, 2006, Defendant timely filed his first Motion to Vacate under 28 U.S.C. § 2255, arguing ineffective assistance of counsel. (ECF No. 88). The Court denied this motion on December 29, 2006. (ECF No. 97). Defendant filed several further motions which the Court construed as Second or Successive Motions under 28 U.S.C. § 2255 and subsequently denied. (*See* ECF No. 108). Defendant also unsuccessfully pursued a sentencing reduction under Amendment 750 to the United States Sentencing Guidelines. (*See* ECF No. 135).

On January 14, 2015, the Superior Court of California, County of Los Angeles, entered a Minute Order reducing one of Defendant's drug felonies to a misdemeanor pursuant to California Penal Code § 1170.18.[1] (Mot. to Vacate 12–13, ECF No. 144).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a Defendant may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). However, in order to file a "second or successive" § 2255 motion with the district court, a defendant must first obtain certification from the appropriate court of appeals. 28 U.S.C. § 2255(h).

"[T]he latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" *Wentzell v. Neven,* 674 F.3d 1124, 1127 (9th Cir. 2012) (quoting *Magwood v. Patterson,* 130 S. Ct. 2788, 2802 (2010)).

---

[1] Proposition 47, also known as the Safe Neighborhoods and Schools Act, which was enacted on November 4, 2014, and became effective the following day, created a new resentencing provision under which certain individuals may petition the Superior Court of California for a recall of sentence and request resentencing. *See* Cal. Penal Code § 1170.18.

## III. DISCUSSION

Defendant argues that this Court has jurisdiction to review this § 2255 motion because it is not a successive motion.  He cites *Panetti v. Quarterman* and *Johnson v. United States* for the proposition that "[a] later § 2255 motion raising a claim that could not have been raised via the earlier motion does not present a successive motion." (Mot. to Vacate 4, ECF No. 144). However, these citations are misplaced.  While *Panetti* does provide an instance where a second-in-time petition was not considered a "successive" petition, the circumstances were significantly different. *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007) (allowing a "*Ford*-based incompetency claim[], [which] as a general matter, [would not be] ripe until after the time has run to file a first federal habeas petition.").  Further, in *Johnson*, the issue was timeliness, not successive petitions, as the defendant's initial § 2255 petition was denied without prejudice as untimely. *Johnson v. United States,* 544 U.S. 295, 299–301, 308 (2005). The *Johnson* Court then found that the defendant's vacated state court ruling reset the one-year time limit so the defendant could proceed on his *first* § 2255 petition through § 2255(f) which allows an extension of the limitations period. *Id.*  Thus, the issue was not a successive petition, but rather the timeliness of the first petition.

Here, neither *Panetti* nor *Johnson* apply to Defendant's successive petition.  Further, unlike *Wentzell*, there is no new judgment in this case.  While one of Defendant's felony convictions was reduced to a misdemeanor, Defendant received only a sentence reduction in his state case, not a vacated state sentence.[2]  There has been no new judgment between the time Defendant filed his first § 2255 petition and now.

---

[2] The Court notes that Defendant's sentence was enhanced based on "two or more prior convictions for a felony drug offense" under 21 U.S.C. § 841(b)(1)(B).  Defendant has only provided evidence of a sentence reduction for one of his three felony drug offenses, meaning that there are two remaining prior felony drug convictions.  To the extent that Defendant provides an excerpt from his direct appeal arguing that a second of his felony drug offenses was not a felony, (Mot. to Vacate 16–18, ECF No. 144), the Ninth Circuit already denied this argument and affirmed Defendant's conviction and sentence. *See United States v. Walker*, 182 F. App'x 655 (9th Cir. 2006).

Defendant has already filed a § 2255 motion, which was denied on the merits. (ECF No. 97). Therefore, Defendant's current § 2255 is a successive petition, and § 2255(h) applies, requiring a certification of appealability from the applicable court of appeals.

Accordingly, the Court must dismiss Defendant's motion for lack of jurisdiction because Defendant has not yet obtained a certificate of appealability from the Ninth Circuit Court of Appeals.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 144) is **DENIED**.

**DATED** this ___8___ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court