# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>            Plaintiff, )<br>  )<br> vs. )<br>  )<br> FRED WALKER, )<br>  )<br>            Defendant. )<br>  ) | Case No.: 2:03-cr-0516-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Fred Walker's Ex Parte Motion for Appointment of Counsel. (ECF No. 149).

On April 15, 2004, Defendant was convicted of three counts, one of which was possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). (*See* ECF No. 42). For this count specifically, Defendant was sentenced to life imprisonment, an enhancement based on his three prior felony drug convictions in Los Angeles County. (ECF No. 21) (Information filed by the Government indicating the prior felony drug convictions); (J. of Conviction, ECF No. 64); *see also* 21 U.S.C. §§ 841(b)(1)(A)(iii).

On August 20, 2015, Defendant filed a Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. § 2255, arguing that he was eligible for relief because he had reduced one of his state court convictions from a felony to a misdemeanor under Cal. Penal Code § 1170.18 ("Proposition 47"). (Mot. to Vacate 12–13, ECF No. 144). This Court denied Defendant's § 2255 motion as a successive petition because the District Court lacks jurisdiction to review a successive § 2255 petition unless the defendant first obtains a certificate of appealability from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Further, the Court noted that Defendant's sentence was enhanced based on "two or more prior convictions for a

felony drug offense," and Defendant only provided evidence of a sentence reduction for one of his three felony drug convictions, meaning there are two remaining felony drug convictions. (Order 3 n. 2, ECF No. 148).

Defendant argues in his Motion for Appointment of Counsel that a case currently pending before the Ninth Circuit, *United States v. Vasquez*, No. 10-50072, may decide the full impact of Proposition 47. (Mot. for App't Counsel 2, ECF No. 149). Defendant claims that "the interests of justice require [Defendant] be appointed counsel in order to fully present and protect his Proposition 47 claims." (*Id.*)

However, because Defendant's two remaining felony drug convictions have not been altered, and Defendant would first need a certificate of appealability prior to review by this Court, Defendant's sentence will not be affected regardless of the outcome in *United States v. Vasquez*. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Ex Parte Motion for Appointment of Counsel (ECF No. 149) is **DENIED**.

**DATED** this __17__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court