UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                           )<br>                         Plaintiff,       )<br>        vs.                                              )<br>                                                           )<br>FRED WALKER,                              )<br>                                                           )<br>                         Defendant.    )<br>                                                           ) | Case No.: 2:03-cr-0516-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Defendant Fred Walker's Ex Parte Motion to Reconsider (ECF No. 153) this Court's Order denying Defendant's Motion for Appointment of Counsel (ECF No. 150).  Defendant also filed an Ex Parte Motion to Seal (ECF No. 154) the Ex Parte Motion to Reconsider.

On April 15, 2004, Defendant was convicted of three counts, one of which was possession with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). (*See* ECF No. 42).  For this count specifically, Defendant was sentenced to life imprisonment, an enhancement based on his three prior felony drug convictions in Los Angeles County. (ECF No. 21) (Information filed by the Government indicating the prior felony drug convictions); (J. of Conviction, ECF No. 64); *see also* 21 U.S.C. §§ 841(b)(1)(A)(iii).

August 20, 2015, Defendant filed a Motion to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. § 2255, arguing that he was eligible for relief because he had reduced one of his state court convictions from a felony to a misdemeanor under Cal. Penal Code § 1170.18 ("Proposition 47"). (Mot. to Vacate 12–13, ECF No. 144).  This Court denied Defendant's § 2255 motion as a successive petition because the District Court lacks jurisdiction to review a

successive § 2255 petition unless the defendant first obtains a certificate of appealability ("COA") from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h).

Then, on December 16, 2015, Defendant filed an Ex Parte Motion for Appointment of Counsel. (ECF No. 149).  Defendant's motion asked this Court to appoint counsel to "protect his Proposition 47 claims" in light of a case currently pending before the Ninth Circuit, which may decide the full impact of Proposition 47. (Mot. for App't Counsel 2:1–5, ECF No. 149). This Court denied Defendant's motion because Defendant would still first need a COA prior to review by this Court. (Order 2:10–11, ECF No. 150).

Defendant now seeks reconsideration of the Court's decision by providing a case from the United States District Court, Central District of California, which found that a § 2255 petition based on the new designation of the defendant's prior felony conviction to a misdemeanor under Proposition 47 was not a "second or successive" § 2255 petition. *United States v. Summey*, 15-cv-00625-VAP, at 4–5 (C.D. Cal. Sept. 30, 2015).  While this case is persuasive, the Court also notes that other persuasive authority has come to the opposite conclusion.  In *United States v. McGee*, the United States District Court, Northern District of Oklahoma, dismissed for lack of jurisdiction a second § 2255 petition as successive where the defendant also successfully reduced his conviction from a felony to a misdemeanor under Proposition 47. *United States v. McGee*, 15-cv-0293-CVE-FHM, 2015 WL 3607739, at *2 (N.D. Okla. June 9, 2015).  The defendant in *McGee* then requested a COA from the Tenth Circuit under 28 U.S.C. § 2255(h). *See United States v. McGee*, No. 15-5063, 2015 WL 5203846 (10th Cir. Sept. 8, 2015).  The Tenth Circuit Court of Appeals denied the request under the *Slack* test because "jurists of reason would not debate that [defendant's] § 2255 motion fails to state a valid claim of the denial of a constitutional right." *Id.* at *3 (applying the test for a COA under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Without any mandatory

authority directing this Court's decision, this Court finds the *McGee* opinions more persuasive here, and denies Defendant's Motion to Reconsider.[1]

Defendant alternatively requests that this Court appoint counsel for the limited purpose of seeking a COA in the Ninth Circuit. (Mot. to Recons. 4:1–6, ECF No. 153). However, Defendant fails to provide any legal authority for this Court to grant such a request. Another district court mentioned that the Ninth Circuit appointed counsel for the purpose of seeking a COA for a successive § 2255 petition. *See United States v. Briones*, No. CR 96-464-PHX-RCB, 2013 WL 5423613, at *1 (D. Ariz. Sept. 26, 2013). This case suggests that the Ninth Circuit may have legal authority to grant the requested relief of appointment of counsel for this limited purpose.

Lastly, Defendant's Ex Parte Motion to Seal merely states that the Court should seal Defendant's Ex Parte Motion to Reconsider (ECF No. 153) because it was "inadvertently not filed under seal due to a clerical error." (Mot. to Seal 1, ECF No. 154). However, "[h]istorically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Sealed documents traditionally include only grand jury transcripts and warrant materials in a pre-indictment investigation, which are "kept secret for important policy reasons." *Id.* Otherwise, there exists "a strong presumption in favor of access." *Id.* The Court has also identified the "need to protect medical privacy" as an additional reason to seal documents such as medical records. *See, e.g.*, *Williams v. Nev. Dept. of Corrections*, 2:13-cv-941-JAD-VCF, 2014 WL 3734287, at *1, (D. Nev. July 29, 2014). Defendant's Motion to Reconsider does not include

---

[1] Defendant's motion also brings to the Court's attention that he has now reduced two of his three felony drug convictions to misdemeanors through Proposition 47, having obtained one more reduction from felony to misdemeanor since his last filing. (Mot. to Recons. 2:1–9, ECF No. 153). However, without a COA from the Ninth Circuit Court of Appeals, this Court still lacks jurisdiction to review his successive § 2255 petition. 28 U.S.C. § 2255(h).

any of the documents listed above, and Defendant provides no legal basis for this Court to seal the motion, so Defendant's Motion to Seal is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Ex Parte Motion to Reconsider (ECF No. 153) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Ex Parte Motion to Seal (ECF No. 154) is **DENIED**.

**DATED** this \_\_\_9\_\_ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court