RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
Cristen C. Thayer
Assistant Federal Public Defender
Nevada State Bar No. 12873
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Cristen_Thayer@fd.org

Attorney for Fred Walker

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff,

    v.

Fred Walker,

    Defendant.

Case No. 2:03-cr-00516-GMN-DJA-1

**Joint Agreement and Stipulation to Relief Under 2018 First Step Act and to a Reduced Sentence**

It is hereby stipulated and agreed, by and between the United States of America, represented by Assistant United States Attorney Elizabeth O. White, and Defendant Fred Walker, represented by Assistant Federal Defender Cristen C. Thayer, that Mr. Walker is eligible for relief from his lifetime prison sentence under the 2018 First Step Act and that his sentence should be reduced.

Specifically, the parties stipulate and agree:

1. Mr. Walker is 52 years old and has been incarcerated for more than 16 years. He is serving a mandatory life sentence imposed for a crack cocaine offense committed in 2003. Mr. Walker was convicted by a jury of: possession with intent to distribute 50 grams or more of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (Count One); carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Two); and prohibited person in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). The Court sentenced Mr. Walker to then-statutorily mandated life imprisonment for Count One, five years mandatory consecutive imprisonment on Count Two, and ten years concurrent imprisonment on Count Three. ECF No. 64.

2. In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (Dec. 21, 2018) (codified at 21 U.S.C. § 841). Section 404 of the First Step Act grants this Court broad discretion to reduce sentences imposed under the excessive crack-cocaine penalty structure renounced by Congress.

3. Mr. Walker meets the eligibility requirements for a reduction under Section 404 of the First Step Act because the statutory penalties for crack-cocaine offenses in place at the time of Mr. Walker's sentencing in 2004 were lowered by the Fair Sentencing Act of 2010 (FSA). *See* Pub. L. 111-220, § 2, 124 Stat 2372 (Aug. 3, 2010) (codified at 21 U.S.C. § 841). Because the government filed a notice under 21 U.S.C. § 851 for Mr. Walker's prior drug convictions (ECF No. 21), Mr. Walker's statutory range is now a minimum of ten years with a maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

4. The parties and the Probation Department all agree that Mr. Walker's new total offense level under the Sentencing Guidelines is 24 and

his criminal history category is VI. His advisory guideline ranges are therefore: 120-125 months for Count One, 5 years consecutive for Count Two, and 120 months for Count Three.

5. The Probation Department recommends 120 months for Count One, 60 months consecutive for Count Two, and 120 months concurrent to Count One for Count Three, for a total sentence of **180 months imprisonment**. The Probation Department also recommends an 8-year supervised release term for Count One (the statutorily mandated minimum amount), a 5-year supervised release term for Count Two, and a 3-year supervised release term for Count Three, to run concurrently to each other, for a total of **8 years of supervised release**.

6. Mr. Walker has already served more than a year longer in prison than the Probation Department's recommended 180-month sentence. Mr. Walker has been in continuous federal custody since November 21, 2003. Thus, as of the date of this filing, Mr. Walker has been in custody for 195 months.

7. The parties therefore request the Court:

(A) Hold that Mr. Walker is eligible for a sentence reduction under the 2018 First Step Act;

(B) Reduce Mr. Walker's prison sentence to 120 months for Count One; 60 months for Count Two, run consecutive to Count One; and 120 months on Count Three, run concurrent to Count One, for a total sentence of 180 months;

(C) Impose an 8-year supervised release term for Count One, 5-year supervised release term for Count Two, and 3-year supervised

release term for Count Three, to run concurrently to each other, for a total of 8 years of supervised release; and

(D) Enter an amended judgment of conviction reflecting the reduced prison and supervised release terms. The parties do not object to the supervised release conditions recommended in the Probation Department's Reduction of Sentence Report dated February 24, 2020.

8. Because the parties' recommended sentence reduction will result in Mr. Walker's immediate release, the parties further request the Court order Mr. Walker's release be delayed for 10 calendar days from the date of the Court's order granting this Agreement and Stipulation. This 10-day period will enable the Bureau of Prisons to complete certain statutory requirements prior to Mr. Walker's release, including but not limited to notifying any victims and witnesses as required by 18 U.S.C. § 3771, and collecting DNA samples pursuant to 42 U.S.C. § 14135a.

9. If the Court is considering denying this Agreement and Stipulation, the parties request the Court allow them to first fully brief First Step Act eligibility and the reasons for the requested relief.

Dated: February 25, 2020.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | NICHOLAS A. TRUTANICH<br>United States Attorney |
| By: */s/ Cristen C. Thayer*<br>Cristen C. Thayer<br>Assistant Federal Public Defender | By: */s/ Elizabeth O. White*<br>Elizabeth O. White<br>Assistant United States Attorney |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Respondent-Plaintiff,<br><br>v.<br><br>Fred Walker,<br><br>    Petitioner-Defendant. | Case No. 2:03-cr-00516-GMN-DJA-1<br><br>**[Proposed]**<br><br>**Findings of Fact and Order** |

Based on the Agreement and Stipulation of counsel, and good cause appearing, the Court finds that:

1. Mr. Walker is serving a mandatory life sentence imposed for a crack cocaine offense committed in 2003. Mr. Walker was convicted by a jury of: possession with intent to distribute 50 grams or more of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (Count One); carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Two); and prohibited person in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). The Court sentenced Mr. Walker to then-statutorily mandated life imprisonment for Count One, five years mandatory consecutive imprisonment on Count Two, and ten years concurrent imprisonment on Count Three. ECF No. 64.

2. In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (Dec. 21, 2018) (codified at 21 U.S.C. § 841). Section

404 of the First Step Act grants this Court broad discretion to reduce sentences imposed under the excessive crack-cocaine penalty structure renounced by Congress.

3. Mr. Walker meets the eligibility requirements for a reduction under Section 404 of the First Step Act because the statutory penalties for crack-cocaine offenses in place at the time of Mr. Walker's sentencing in 2004 were lowered by the Fair Sentencing Act of 2010 (FSA). *See* Pub. L. 111-220, § 2, 124 Stat 2372 (Aug. 3, 2010) (codified at 21 U.S.C. § 841). Because the government filed a notice under 21 U.S.C. § 851 for Mr. Walker's prior drug convictions (ECF No. 21), Mr. Walker's statutory range is now a minimum of ten years with a maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

4. Mr. Walker's new total offense level under the Sentencing Guidelines is 24 and his criminal history category is VI. His advisory guideline ranges are therefore: 120-125 months for Count One, 5 years mandatory consecutive for Count Two, and 120 months for Count Three.

IT IS THEREFORE ORDERED that Mr. Walker's prison sentence is reduced to: 120 months of incarceration for Count One; 60 months of incarceration for Count Two, run consecutive to Count One; and 120 months of incarceration on Count Three, run concurrent to Count One, for a total sentence of 180 months.

IT IS FURTHER ORDERED Mr. Walker is sentenced to an 8-year supervised release term for Count One, 5 year supervised release term for Count Two, and 3 year supervised release term for Count Three, to run concurrently to each other, for a total of 8 years of supervised release, with the following conditions:

6

The standard conditions of supervision recommended by the Sentencing Commission.

The following mandatory conditions:

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

4. You must cooperate in the collection of DNA as directed by the probation officer.

The following Special Condition:

**Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

IT IS FURTHER ORDERED that Mr. Walker's release is delayed for 10 calendar days from the date of this Order to enable the Bureau of Prisons to complete certain statutory requirements prior to Mr. Walker's release, including but not limited to notifying any victims and witnesses as required by 18 U.S.C. § 3771, and collecting DNA samples pursuant to 42 U.S.C. § 14135a.

Dated this __25__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

**Service Certificate**

I certify that on February 25, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Nevada by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. The following non-CM/ECF participants will be served by U.S. Mail: Mr. Fred Walker.

                                             */s/Brandon Thomas*
                                             Federal Public Defender Employee